(91 Hun, 67.)

## ROBERTSON v. LAWTON et al.

## HUSSELBARTH v. SAME.

(Supreme Court, General Term, Third Department. December 3, 1895.)

EXECUTION—LIEN—PRIORITY OVER ATTACHMENT.
　　Under Code Civ. Proc. § 1405, providing that the goods of a judgment debtor are bound by an execution from the time of the delivery thereof to the proper officer to be executed, the mere delivery to the sheriff of an execution against a judgment debtor who has made a general assignment, without any direction as to levy or offer of indemnity to the officer, will not create a lien prior to that of another creditor, who subsequently attaches the property in the hands of the assignee, and procures a decision that the assignment is void; but the attaching creditor will be preferred on the ground of superior diligence.

Appeals from special term, Warren county.
Actions by Jane Robertson against George A. Lawton and Roswell I. Lawton, and by Charles O. Husselbarth against the same defendants. From an order adjudging a warrant of attachment issued against defendant, in favor of one Marcus M. Terry, a prior lien to judgments and the executions thereon in favor of plaintiffs against defendants, plaintiff in each case appeals. Affirmed.

The opinion of Mr. Justice LANDON at special term is as follows:

Upon the evidence, it is clear that the money in the hands of the sheriff now awaiting distribution has been secured in consequence of the diligence of Mr. Patterson's clients, and the risks they incurred. Mr. Jenkins' clients incurred no risks. In Cudahy v. Rhinehart, 133 N. Y. 253, 30 N. E. 1004, Andrews, J., lays down the rule that, as between attaching creditors, those who fight the battle and incur the risks take precedence over the laggards who first display their vigor upon the distribution of the fruits of the victory, although their attachments may be prior in time. So sound a principle of

equity must govern here, unless the law forbids. Mr. Jenkins placed his executions in the hands of the deputy sheriff September 21, 1894. The deputy made no levy. September 24th Mr. Patterson placed the attachments of his clients in the hands of the sheriff, not the deputy, and procured him to levy upon the assigned property, and take it into his custody. The assignee had advertised the property for sale for the same day. But for this seizure by the sheriff at the instance of Mr. Patterson's clients, the property would, doubtless, have passed into the hands of innocent purchasers. The risk of this action was incurred by Mr. Patterson's clients, and not by Mr. Jenkins'. The property was seized while the executions of Mr. Jenkins' clients were in the hands of the deputy sheriff, and the sheriff who made the seizure had no notice of the existence of such executions. By the mere delivery of the executions to the deputy sheriff, without actual levy, Mr. Jenkins' clients secured no lien upon the assigned property, as against the subsequent actual levy under Mr. Patterson's attachments.

The Code (section 1405) declares that the goods and chattels of a judgment debtor not exempt, etc., are bound by the execution from the time of the delivery thereof to the proper officer, to be executed. But, as between the judgment debtors and their assignee, these goods were not the judgment debtors', but their assignee's goods. Brooks v. Wilson, 53 Hun, 173, 6 N. Y. Supp. 166. The sheriff was not obliged to levy upon them without indemnity (Chamberlain v. Beller, 18 N. Y. 115; Mumper v. Rushmore, 14 Hun, 591, affirmed 79 N. Y. 19); much less without request, and Mr. Jenkins made none.

Mr. Jenkins, in his affidavit, states that the deputy asked him "if the defendants had any property subject to levy; that deponent said there was property, but that defendants had assigned to Hartman, and he had possession, but deponent believed the assignment void; and that deponent had the papers in a judgment creditors' action to set aside said assignment, and in aid of said executions, nearly prepared, and should bring said action at once." It was subsequently shown that the assignment to Hartman was void. But fraud is not presumed; it must be proved; and, until proof is made, the presumption is in favor of the assignee's title. Moreover, the assignment is only voidable, and Mr. Jenkins' clients might not elect to incur any risk in procuring it to be declared void. After the sheriff had seized the property, Mr. Jenkins proceeded without risk with a suit to have the assignment declared void. He used without any contest the minutes of the evidence which Mr. Patterson had adduced upon the trial of a contested suit at a previous term of the court in the actions brought by his clients for the like purpose. Since the sheriff was not bound to execute Mr. Jenkins' executions, and was not requested to do so as to the assigned property, and there was no other, and did not execute them, it is fair to conclude that they were not delivered to him to be executed, except contingently, and were in effect dormant when Mr. Patterson's attachments were executed. That being so, they fell behind in the race of diligence, and remain so. It is true that Mr. Jenkins commenced an action in behalf of one of his clients in aid of his execution September 24, 1894, but after the levy of Mr. Patterson's attachments.

Now, it has been held in certain cases that an execution creditor may commence an action in aid of his execution without first making an actual levy. Stewart v. Beale, 7 Hun, 405. In real-estate cases no levy is necessary, since the judgment binds the real estate without levy. Where no levy can be made on the personal property, as in Stewart v. Beale, equity will dispense with it, or remove the obstacle, so as to permit it to be made. Here Mr. Jenkins' clients proceeded to judgment, valid, of course, as between the parties to it, but not affecting the prior rights secured by Mr. Patterson's clients. Apart from the judgment thus secured, Mr. Jenkins' clients would have no right to have the assigned property sold without first making the levy; and, having elected not to make the levy until they obtained their judgment, they thus elected to treat the assigned property as belonging to the assignee until they should prove it did not, and thus stood out of the way of Mr. Patterson's clients, who, at the outset, seized the property as the judgment debtors.

In respect of chattels alleged to be fraudulently assigned, as between different attachment or execution creditors, it is obvious that each one should by his acts define his position. In respect to real estate fraudulently assigned,

an execution; suit in aid of it, and notice of lis pendens would give notice to all the world; and, since the real estate is immovable, no seizure or injunction is necessary to preserve the subject-matter of the litigation. But chattels are movable, and, unless timely seized, may be taken from the jurisdiction or be lost. An execution against their former owners is no notice of any claim to the chattels against the alleged title of his assignee, and, without more, in no way binds them. A suit in aid of the execution, where there is no levy or attempt to make one, or other seizure of the chattels, is a mere declaration that the judgment creditor will take the chattels if the court so adjudges and the assignee will be good enough to keep them on hand. This may be enough between the parties to the suit, but it is clear that it is not enough to obtain priority over the vigilant creditor, who levies upon and takes and holds the chattels, and by his action in equity first establishes the debtor's title to them. In such case the priority of actual levy determines the priority of right in distribution. Beck v. Burdett, 1 Paige, 308.

Mr. Patterson's clients may take orders giving them priority, with costs. I do not think the judgments of Mr. Jenkins' clients should be set aside. He took the risk of finding an appearance by mail after he made his affidavit of default, but his affidavit was true when he made it, and was not rendered untrue by any subsequent event. The practice is not commendable; but as the event confirms the affidavit, and is regular in form, the judgment must stand.

The other objections to the judgment rolls are amendable.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Lyman Jenkins, for appellants.

Charles R. Patterson and Louis M. Brown, for respondents.

MAYHAM, P. J. This was a motion to set aside a judgment in favor of the plaintiff, against the above-named defendants, entered on the 21st day of September, 1894, and the execution issued thereon on the same day, which was placed in the hands of the sheriff of Warren county at 8 o'clock in the forenoon of that day, mainly on the ground that the same was not executed by a levy on the property of the judgment debtor before the 24th day of the same month, on which last-mentioned day one Marcus M. Terry seized all the property of the judgment debtor liable to be taken on execution, under and by virtue of an attachment issued in his favor in an action brought by him against the defendants herein, and who claims on this motion that the execution issued on the judgment in favor of the plaintiff, as to his attachment, had become dormant before the property of the defendant was seized on such attachment. The affidavits used on this motion disclose that on the 24th day of July, 1894, the defendants herein made a general assignment, with preferences, to one Ezra Hartman, for the benefit of creditors, and that shortly thereafter several judgment creditors commenced actions to set aside the assignment as fraudulent as against creditors of the assignor; and, during the pendency of such action, orders were obtained by creditors of said defendants, by the terms of which the sheriff of Warren county was directed to sell at public auction the property assigned to Hartman, but which had been seized by the sheriff under the attachment above referred to; and that the sheriff did, on the 3d day of October, 1894, sell the goods so seized, for $3,410. On the 3d day of May, 1895, Messrs. Bussey & McLeod, judgment creditors of the defendants, recovered a judgment declaring said assignment made by defendants

to Hartman void as against the creditors of the defendants. After satisfying the judgment of Bussey & McLeod, there remained in the hands of the sheriff the sum of $873.36, the proceeds of the sale of the property of the defendants made by the sheriff under the order above referred to; and the question here is whether that money shall be applied to the execution issued on defendants' judgment, or to the execution issued on the attachment in favor of Terry.

No directions, except that contained in the execution, appear to have been given by the plaintiff or his attorney to the sheriff at the time of the delivery of the execution to him, or at any time thereafter; but the sheriff was informed by the plaintiff's attorney that the defendants had made a general assignment, and that their property was in the hands of the assignee, and that he was about to commence an action to have the assignment declared fraudulent and void. No indemnity appears to have been demanded by the sheriff as a protection to him for the seizure of the assigned property, nor was any bond of indemnity offered to him by the plaintiff.

Upon these facts, the learned judge at special term held that the plaintiff's execution, as between him and the execution issued on the Terry judgment, in which the attachment proceedings were had, was dormant, and that the execution issued on the attachment case had precedence, by virtue of a levy on the attachment, over that of the execution issued on the plaintiff's judgment, and bases that finding apparently upon the idea, which he gathers from the affidavits, that the execution in the plaintiff's judgment was not delivered to the proper officer to be executed.

It is true that the Code of Civil Procedure (section 1405) declares that goods and chattels of a judgment debtor not exempt from execution are bound by the execution from the time of the delivery thereof to the proper officer to be executed; but, the special term having found that it was not delivered to the sheriff to be executed, that, as against the process delivered subsequently to the same officer to be executed, the latter acquired precedence, by reason of the hazard taken in executing the doubtful process in a doubtful case, as against the less courageous and vigilant creditor, who failed to make an actual levy. We are inclined, assuming the facts to be as the learned special term found them, to hold his conclusion of law sound. We are therefore of the opinion that the order should be affirmed, on the opinion of the special term judge.

Order affirmed, with costs.

PUTNAM, J., concurs in result. HERRICK, J., concurs.